MARY A. TAYLOR et al. v. M. W. CARMON, Administrator of George Wilcox, et al.

(Filed 29 September, 1910.)

### 1. Notes, Negotiable—Equities—Notice—Due Cause.

While our statute authorizes the assignment of things in action and allows the assignee to sustain a demand therefor in his own name, it must be "without prejudice to any set off or other defense, existing at the time of, or before notice of, the assignment," making an exception of "negotiable promissory notes or bills of exchange transferred in good faith, and upon good consideration before due."

### 2. Same—Offsets.

In an action brought to cancel certain notes secured by mortgages, the plaintiff alleged that the notes were without valuable consideration and had been paid to the mortgagee with certain money and personal property. It appeared that the defendant's intestate W., the holder of the mortgages, was indebted to one M. and had transferred the mortgages as security to this debt. There was no evidence that plaintiff had notice or knowledge of this last assignment of the notes and mortgages, or that M. was a holder in due course. The case was referred, and the referee found for the defendant, but the jury substantially reversed the findings of the referee on issues duly submitted and found that

the B. note was paid to W. before notice of transfer, and that the value of personal property, etc., of plaintiff received by him was in a greater sum than the amount of the mortgage notes. *Held*, (1) The value of plaintiff's property received by the original mortgagee should be applied to the mortgage notes held by the administrator of W. with judgment against the administrator for the balance; (2) as M. was not a holder in due course, his note was taken subject to the equities existing between the plaintiff and W.

APPEAL from *Peebles, J.*, at the April Term, 1910, of CRAVEN.

Civil action heard on exceptions to a report of referee and on issues submitted to a jury. There was judgment for plaintiff, and defendant excepted and appealed.

*W. D. McIver* for plaintiff.
*Guion & Guion* for defendant Meadows.
*Moore & Dunn* for defendant Carmon.

HOKE, J. The Court has carefully considered the record and testimony presented and finds no reversible error to appellant's prejudice.

It appears that plaintiff, having executed three mortgages on her land, one to T. Burke for $300 acquired by George W. Wilcox, intestate of defendant Carmon; one to Wilcox himself for $221 and the third to said Wilcox for $190, instituted this action alleging that the two mortgages made direct to Wilcox were for accommodation of said intestate and without valuable consideration, and that all· of them had been much more than paid and satisfied by certain personal property delivered by plaintiff to said Wilcox for the purpose in the course of the dealings between them, and to an amount of not less than $1,000.

Defendant Carmon, administrator of George Wilcox, answered denying payment and denying the other allegations and averring that the amounts secured by said mortgages were still due, and alleged that plaintiff owed other sums to her intestate to an amount of $380.

Defendant Jane Meadows, administratrix of J. A. Meadows, answered, denying plaintiff's allegations and alleged further that said mortgages had been acquired by her intestate for full value, and were held by him to secure certain sums due from George

Wilcox and that no part of same had been paid. The cause was referred, according to the course and practice of the court, and the referee made report finding that the amounts secured by the mortgages were due and unpaid and that over and above said amounts there was a small balance still due from plaintiff to the intestate Wilcox.

The court sustained several exceptions to said report, and on issues raised by specific exceptions, the jury further rendered the following verdict:

"1. Was the Burke bond and mortgage of $300 paid to George S. Wilcox before notice of transfer? Answer: No.

"2. What amount have plaintiffs paid on the Burke $300 note and mortgage? Answer: One hundred and fifty dollars.

"3. What is the value of the personal property received and had by George S. Wilcox from plaintiffs as alleged in the complaint? Answer: Eight hundred and one dollars and sixteen cents."

On this verdict and the rulings of the court sustaining plaintiff's exceptions to the report and which together substantially reversed the conclusions of the referee, the court gave judgment that the sum established in plaintiff's favor to the extent required should be applied in the discharge and satisfaction of the mortgages and that plaintiff have and recover the remainder of said amount of defendant Carmon, administratrix of Wilcox. There is no evidence in the record that plaintiff had either knowledge or notice of the assignment and transfer of these mortgages to J. A. Meadows, the intestate, nor is there any claim or evidence tending to show that said Meadows was a holder in due course of the notes which the mortgages were given to secure, and while our statute authorizes the assignment of things in action, allowing the assignee to sustain a demand therefor in his own name, the law also provides as follows:

"In the case of an assignment of a thing in action the action by the assignee shall be without prejudice to any set off or other defense, existing at the time of, or before notice of, the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange, transferred in good faith, and upon good consideration, before due." The mortgages therefore were

held by the intestate Meadows subject to any set off or other defense existing in plaintiff's favor against the intestate Wilcox and the sum of $801.16, established by the verdict to the extent required, was properly applied to their satisfaction. This being true, the many exceptions noted to the rulings of the court on the question of the transfer of these mortgages to J. A. Meadows become immaterial. As heretofore stated there is no sustainable objection shown to the validity of the trial. The only one that could be seriously urged was to the exclusion of certain items of charge against plaintiff appearing on the books of intestate, Wilcox. The judge below finds that these books were never offered in evidence, and if it were otherwise, the proof concerning them was very far from meeting the conditions required for the admission of entries in a party's own favor.

There is no error and the judgment below must be affirmed.

No error.